UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKLEY & <br> KIMBERLY JOHNSON | § <br> § <br> § | |
| Plaintiffs, | § <br> § | CIVIL ACTION NO. 3:21-cv-2422 |
| v. | § <br> § | |
| GOLABS, INC., TAO MOTORS, INC., <br> LONGMAN ZHAO & QUIONG LI | § <br> § <br> § | Jury Trial Demanded |
| Defendants. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Quincy Blakely and Kimberly Johnson, ("Plaintiffs") brings this action against Defendants GoLabs, Inc., Tao Motors, Inc., Longman Zhao, and Quiong Li for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

### I.     PARTIES

1.     Plaintiff, Quincy Blakely, is an individual who is a resident of Denton County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 5700 Tennyson Parkway, Suite 300, Plano, TX 75024.

2.     Plaintiff, Kimberly Johnson, is an individual who is a resident of Denton County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 5700 Tennyson Parkway, Suite 300, Plano, TX 75024.

3.     Defendant, GoLabs, Inc. is a Texas corporation that is authorized to do and does business in Dallas County, Texas and has appeared in this action.

4. Defendant, Tao Motors, Inc. is an individual who is a resident of Denton County, Texas and has appeared in this action.

5. Defendant, Longman Zhao, based on all information and knowledge, is an individual officer and/owner equity owner of both Tao Motors, Inc. and GoLabs, Inc. who is a resident of Denton County, Texas and has appeared in this action.

6. Defendant, Quiong Li, based on all information and knowledge, is an individual officer and/or equity owner who is a resident of Denton County, Texas and has appeared in this action.

## II.  JURISDICTION, VENUE, AND DISCOVERY PLAN

7. Plaintiffs were employed by GoLabs, Inc., Tao Motors, Inc., Longman Zhao, and Quiong Li (collectively referred to as "Defendants") within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), the Family Medical Leave Act ("FMLA"), the American with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"). At all times hereinafter mentioned, Plaintiffs were individual employees who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207, FMLA, ADA, and TCHRA.

8. Defendants are all engaged in commerce or the production of goods for commerce within the meaning of the FLSA, FMLA, and ADA are obligated to ensure that all employees are paid in accordance with the FLSA.

9. This Court has jurisdiction to hear the merits of Plaintiffs' claims under the Federal Rules of Procedure in light of the claims being based upon federal questions of law namely the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), ADA, and  the FMLA,.

Under the rules, this court has supplemental jurisdiction to administer related state law claims under the TCHRA. In addition, Plaintiff's damages are within the jurisdictional limit.

10. Venue is proper as to all parties in the Northern District of Texas, Dallas Division because the facts that are basis of this lawsuit all occurred in Dallas County and all Defendants either do business or live in Dallas County. By all knowledge and belief, Defendants reside in Dallas County and all Defendants do business in Dallas County.

11. All conditions precedent were performed or have occurred. Plaintiff Quincy Blakely filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWC") and received a Right to File Civil Action dated June 30, 2021, for disability discrimination made the basis of this lawsuit. Thereafter, Plaintiff Quincy Blakely timely filed the lawsuit with the Dallas District Court on August 27, 2021. Plaintiff also received a right to sue from the U.S. Equal Employment Opportunity Commission on November 4, 2021. Plaintiff Quincy Blakely timely exhausted his administrative remedies pursuant to the ADA and TCHRA.

12. Pursuant to 29 U.S.C. § 216(b), Plaintiffs brings their FLSA claims as a collective action on behalf of themselves and all other similarly situated employees of Defendant who elect to opt into this action.

### III.   FACTS

13. At all times relevant to this case, GoLabs, Inc., Tao Motors, Inc., Longman Zhao, and Quiong Li (collectively referred to hereinafter as "Defendants") were an "employer" of Quincy Blakely and Kimberly Johnson (collectively referred to hereinafter as "Plaintiffs") within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the FMLA, ADA and TCHRA.

14. Defendants Tao Motors and GoLabs, Inc. operated as a single enterprise making sales of more than $500,000.00 per year both as individual companies and together as an enterprise for each year of both Plaintiffs' hire between 2018 and 2020.

15. The workers at Tao Motors and GoLabs, Inc, are engaged in interstate commerce involving the production of goods and services for commerce.

16. By all information and knowledge all Defendants are classified as employers of both Plaintiffs in this lawsuit because they all acted directly or indirectly in the interests of the employer.

17. Plaintiffs worked for Defendant GoLabs directly on a day to day basis which was the entity listed on their paychecks through a d/b/a named GoTrax operated to sell, maintain and operate an inventory of electric vehicles/scooters. All emails are "gotrax" emails.

18. Plaintiff's primary point of contact regarding the FMLA, FLSA and ADA issues which are the subject of this case was Longman Zhao ("Zhao") who is listed as the Chief Financial Officer of GoLabs, Inc DBA Gotrax on all emails.

19. By all information and knowledge Zhao has an ownership interest in GoLabs.

20. By all information and knowledge Zhao made the termination decision for Blakely.

21. By all information and knowledge Zhao was involved in the decision not to pay proper overtime to Plaintiffs.

22. GoLabs physical address is 2201 Luna Road, Carrollton, Texas which it shares with the corporate headquarters with Tao Motors, Inc.

23. By all information and knowledge, during the time in question, Mr. Longman Zhao also served as the CFO of Tao Motors, Inc. according to Zoominfo.com.

24. By all information and knowledge, when a member of the public selects the "About" link on GoLabs (aka: Gotrax) website it starts with a detailed explanation of Tao Motors.

25. By all information and knowledge, Tao Motors, Inc, was involved in the manufacturing of the exact same vehicles sold, rented and maintained by GoLabs, Inc.

26. By all information and knowledge, Tao Motors, Inc. shares an office address, employees, management, ownership and job functions with GoLabs, Inc. and is therefore the same enterprise.

27. By all information and knowledge, "Terry" is also known as Qiong Li who is listed as the President and Director of GoLab's, Inc. under the Texas Comptroller website as of 2019.

28. By all information and knowledge, Quiong Li is the General Manager of Tao Motors according to his LinkedIn entry.

29. By all information and knowledge, Quiong Li has an ownership interest in both Tao Motors, Inc. and GoLabs, Inc.

30. Quiong Li was listed on at least one email on or about January 17, 2020 regarding Plaintiff's concerns regarding the anxiety/panic attack provoking situation that is the basis of this lawsuit.

31. Quiong Li ("Terry") was also included in the email sent by Plaintiff Blakely on or about February 17, 2020 clearly outlining unpaid overtime hours.

32. In addition, to being denied his accommodation under the ADA and denied any FMLA time off and denied proper overtime by Longman Zhao directly; Plaintiff Blakely was also terminated by Longman Zhao.

33. Zhao is intimately involved in all aspects of this case and receives and responds to regular communication regarding Plaintiff's failure to pay overtime complaints, FMLA requests, and ADA accommodation requests.

34. Li is carbon copied on emails from Plaintiff's Blakely regarding the failure to pay FLSA proper overtime.

35. Both Li and Zhao are listed in various places from various sources as holding similar positions for both Tao Motors, Inc. and GoLabs, Inc, at the exact same physical office address.

36. Clearly, Li and Zhao both had the power to terminate as Zhao was the Chief Financial Officer and actually did terminate Plaintiff. Li, as president of GoLabs, presumably would also have the power to hire/fire the Plaintiffs.

37. Zhao was the primary contact with Plaintiff Blakely on the FMLA/ADA and FLSA overtime issue and therefore directly supervised and controlled work conditions/schedules for Plaintiff Blakely.

38. Li was the President of GoLabs and was also included in emails regarding FLSA issues with Plaintiff's Blakely as well as an email string involving his termination and therefore as the President of the company Li had directly supervised and controlled Plaintiff's Blakely's work conditions and was a supervisor of Blakely.

39. Zhao clearly was intimately involved in the determining pay and method of payment for many, if not all, employees including Blakely and Johnson.

40. Li, as Zhao's boss, was also involved, as president, in determining pay for employees and method of payment and this is why Blakely sent him an email outlining the overtime Plaintiff worked and Defendants left unpaid.

41.     By all information and knowledge, Zhao and Li both maintained employment records as they were both involved with handling employees directly.

42.     As President and CFO, Li and Zhao, respectively, both had ultimate and daily control over both Plaintiff's means and manner of getting their jobs done and this is why they were carbon copied on emails regarding the FLSA, FMLA and ADA issues which make the basis of this lawsuit and also directly handled those matters.

43.     Defendants engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees during the relevant time periods of this case for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

44.     At all times relevant to this case, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

45.     Defendant GoLabs, Inc. employed Plaintiffs during all times relevant to this case.

46.     Defendant Tao Motors, Inc. employed Plaintiffs during all times relevant to this case

47.     Defendant Longman Zhao employed Plaintiffs during all time relevant to this case.

48.     Defendant Quiong Li employed Plaintiffs during all times relevant to this case.

49.     At all times relevant to this case, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s) (1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods or commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  In addition, said enterprise has

had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. At all times relevant to this case, Defendant GoLabs, Inc. was a person engaged in an industry affecting commerce who employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and were agents of such a person.

51. At all times relevant to this case, Defendant GoLabs, Inc. was a person engaged in an industry affecting commerce who employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and were agents of such a person.

52. At all times relevant to this case, Plaintiffs were individual employees who were engaged in commerce pursuant to 29 U.S.C. §§ 206-207.

53. Plaintiffs were employed by Defendants within the applicable statute of limitations.

54. Plaintiff Blakely was employed by Defendants as a customer service representative mostly handling matters by phone and selling and fielding complaints and help calls from GoLabs, Inc. and Tao Motors, Inc's customers regarding their products (namely electric vehicles like scooters) from approximately November 20, 2018 to February 17, 2020.

55. Plaintiff Johnson was hired in summer 2019 as a part-time customer service representative scheduled for approximately 16 hours per week.

56. Plaintiff Johnson worked more than 40 hours per week on at least five (5) occasions without being paid proper time and half overtime starting in Summer 2019 and

throughout 2020 in which she worked approximately 10 hours over 40 hours in a week on those occasions at an hourly rate of $14 per hour.

57. Plaintiff Blakely worked for Defendants in the role of Customer Service/Sales mostly handling calls from customers and making sales of GoLabs/Tao Motors' products (namely electric vehicles namely scooters).

58. In addition, Plaintiff regularly worked significant overtime hours consisting of hours over forty (40) hours in a workweek.

59. Defendants did pay overtime for a period but then suddenly stopped paying time and a half overtime.

60. Blakely requested that he be paid for his overtime hours in compliance with the FLSA overtime law by email on February 17, 2020 and was terminated two (2) hours later in retaliation for complaining about his need to be paid in compliance with the FLSA. Plaintiff made $15.50 per hour and worked overtime as follows:

    a. 3/13/19 – 3/27/19 – 8.75 hours overtime

    b. 3-28-19 – 4-11-19 – 1.75 hours overtime

    c. 4-12-19 – 4-28-19 – 8 hours overtime

    d. 5-14-19 – 5-28-19 – 8 hours overtime

    e. 6-27-19 – 7-11-19 - .5 hours overtime

    f. 7-30-19 – 8-13-19 – 5.07 hours overtime

    g. 10-12-19 – 10-29-19 – 3 hours overtime

    h. 11-29-19 – 12-11-19 – 16 hours overtime

    i. 12-12-19 – 12-31-19 – 32 hours overtime

61. Both Plaintiffs' regular job duties involved the sale, repair, and rental of items involving the movement of things and persons as the electric scooter being sold was an electric scooter designed to move persons.

62. Plaintiff consistently received excellent performance reviews and was never written up for behavior or performance.

63. On or about January 16, 2020, by all information and knowledge, a former employee for Defendants sent death threats the day after he quit by email to department heads.

64. On or about January 16, 2020, Plaintiff overheard Terry, the CEO, describe these threats to another employee named Denise Matos, Customer Service Manager, which included threats against management and employees.

65. Plaintiff had been previously diagnosed with depression/anxiety in 2018 and had anxiety attack when he learned of this threat.

66. Plaintiff reported his disability to Defendants on more than one occasion and therefore Defendants were aware of Blakely's disability on or before January 16, 2020.

67. On or about January 16, 2020, Plaintiff obtained a note from the doctor stating that he needed to be off from working until February 17, 2020.

68. After learning of the threat, Plaintiff requested that his disability be accommodated by allowing him to work from home.

69. Several other non-disabled employees, in Blakely's same position regularly worked from home.

70. Defendants did not provide FMLA paperwork to complete or engage in the interactive process as required under the ADA.

71. Plaintiff's disability and serious health condition under the FMLA was diagnosed anxiety/depression.

72. Defendants were aware of these conditions because Plaintiff had reported it to Defendants by email and verbally in connection with his need to work on an accommodation or obtain some medical leave under the FMLA or under the ADA as an accommodation.

73. Despite Plaintiff Blakely's anxiety/depression, he was quite capable of performing his job but in light of a potential violent threat at work which triggered his anxiety, it prevented him temporarily from working from the office until adequate time passed or he could find a medication that worked.

74. Plaintiff's Blakely indicated very clearly that he could work from home very easily.

75. Here, despite Blakely's clear report of his situation, Defendants failed to provide proper FMLA documents to start the process or engage in the ADA interactive process.

76. Plaintiff could not provide any proper FMLA documents to the Defendants because they failed to comply with the law and provide Plaintiff the appropriate paperwork once they knew that time off could be a necessary solution in light of the January 16, 2020 letter in which the doctor specified that Plaintiff was to be off until February 17, 2020.

77. Instead, Defendants made ultimatums regarding Blakely's return to work and simply terminated him on the exact date the doctor had cleared him to return to work per his first doctor's note.

78. In addition, without any reasonable explanation, Defendants absolutely refused to allow Plaintiff Blakely from working from home despite numerous non-disabled employees were allowed to do so.

79. Instead, Defendants requested that Plaintiff provide a doctor's note.

80. On or about February 11, 2020, Plaintiff's doctor wrote that he should be entitled to an accommodation of working from home. This note was forwarded to Defendants.

81. On or about February 17, 2020, Blakely's access to Defendants' computer system was denied and he was terminated due to his disability and need for FMLA and accommodation.

82. The aforementioned acts and conduct by Defendants, its agents and employees were intentional, willful, wanton, malicious and outrageous.

## IV.   CAUSES OF ACTION

**VIOLATIONS OF THE FLSA:  OVERTIME AND RETALIATION – BLAKELY AND JOHNSON**

83. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

84. Defendants failed to comply with 29 U.S.C. §§ 201-209, because both Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty within a workweek.

85. Defendants began paying time and half in compliance with the FLSA, but then suddenly changed its practice and stopped doing so.

86. Defendants failed to keep proper records of Plaintiffs' time worked as well as those records of similarly situated employees.

87. Defendants failed to pay Johnson and Blakely their time and half pay for weeks in which they worked more than forty (40) hours in a week.

88. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty

(40) per workweek in one or more workweeks, Plaintiff has suffered damages plus incurring reasonably attorneys' fees and costs.

89. Further, Plaintiff reported Defendant's failure to pay overtime and then was summarily terminated from his position in retaliation for making such reports.

90. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages, interest, attorney's fees and court costs, back pay and front pay.

**FAMILY MEDICAL LEAVE ACT VIOLATION - BLAKELY**

91. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

92. The FMLA specifically provides that it is unlawful for an employer to discharge or in any other manner discriminate against an employee for exercising the employee's rights to take FMLA leave. 29 U.S.C. § 2615(a)(2).

93. Plaintiff Blakely is an employee within the meaning of the FMLA. Plaintiff was employed by Defendants for at least 12 months and worked at least 1,250 hours in the 12 months preceding the leave need.

94. Defendants are employers within the meaning of the FMLA. Defendants employed 50 or more employees for each working day of 20 or more calendar workweeks in the current or preceding calendar year.

95. During the scope of his employment, Plaintiff' suffered a serious health concern and sought to take leave pursuant to the FMLA.

96. Defendant violated its duty under the FMLA to identify the FMLA need and provide relevant paperwork for Plaintiff to apply for time off due to his serious health concern.

97. Defendant unlawfully retaliated against Plaintiff for seeking leave under the FMLA. Specifically, Defendant terminated Plaintiff after discovering Plaintiff had an FMLA need.

98. As a direct and proximate result of Plaintiff's exercise of rights under the FMLA and his subsequent termination, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, both past and future, and the value of benefits and fringe benefits.

99. Because Plaintiff was forced to retain counsel to protect his rights, Plaintiff is also entitled to reasonable attorneys' fees, reasonable expert witness fees, and any other costs of court. Additionally, Plaintiff is entitled to pre-judgment and post-judgment interest on all sums, including attorneys' fees and costs awarded in this action.

## DISABILITY DISCRIMINATION – AMERICAN WITH DISABILITIES ACT AND TEXAS COMMISSION ON HUMAN RIGHT ACTS – BLAKELY

100. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

101. Defendants are "covered entities" and an "employers" as defined by the American with Disabilities Act (ADA) at 42 U.S.C. § 12111(2) & (5) and TCHRA.

102. Plaintiff Blakely is an "employee" as defined by the ADA at 42 U.S.C. §12111(4) and TCHRA.

103. Defendants violated the ADA/TCHRA by discriminating against Plaintiff's Blakely based upon his disability in regards to her termination and failure to accommodate.

104. Defendants were aware of Plaintiff's disability.

105. Plaintiff's disability impaired one or more major life activities.

106. Defendants failed to engage in the interactive process with Plaintiff Blakely despite numerous efforts of Plaintiff to explain his condition and requesting processes to obtain an accommodation. Once Defendants learned of Blakely's true disability in detail, they did not even try to

accommodate Plaintiff or otherwise work with him to find a job he could do with accommodation.

107. As such, Plaintiff was damaged and is entitled to damages under the ADA for such violations by Defendants.

108. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages and benefits. Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff to be treated as a member of a protected class, and to the intent of the statute to protect victims from such actions. Such malicious or reckless indifference warrants punitive damages as provided in the American with Disabilities Act.

109. As a result of Defendant's discriminatory actions, Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary loss, emotional anguish, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. This irreparable injuries and monetary damages are the result of Defendants' discriminatory practices and they will continue unless and until this Court grants relief.

## VIII.  ATTORNEYS' FEES AND COSTS

110. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

111. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and as allowed by the Texas Labor Code, the FMLA, ADA and the TCHRA.

## IX.  JURY DEMAND

112. Plaintiff requests a trial by jury.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Quincy Blakely and Kimberly Johnson, respectfully request that this Court award her judgment against Defendants for the following:

a. Actual and consequential damages;

b. Liquidated damages;

c. Attorneys' fees and expenses;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

f. Judgments against Defendants that their violations of the FLSA were willful;

g. Costs of court; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF,
QUINCY BLAKELY AND
KIMBERLY JOHNSON**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 9th day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Texas, using the CM/ECF system which will send notification of such filing to all counsel of record:

William Chu
The Law Offices of William Chu
4455 LBJ Freeway, Suite 1008
Dallas, TX 75244
FX: (972) 392-9889
Email: wmchulaw@aol.com

                                                s/Vincent J. Bhatti