IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKELY and<br>KIMBERLY JOHNSON, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| V. | § <br> § | No. 3:21-cv-2422-L |
| GOLABS, INC., TAO MOTORS,<br>INC., LONGMAN ZHAO, and<br>QUIONG LI, | § <br> § <br> § <br> § | |
| Defendants. | § <br> § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants GoLabs, Inc., Tao Motors, Inc., Longman Zhao, and Quiong Li have

filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint, *see*

Dkt. No. 26, which United States District Judge Sam A. Lindsay has referred to the

undersigned United States Magistrate Judge for hearing, if necessary, and findings,

conclusions, and a recommendation under 28 U.S.C. § 636(b), *see* Dkt. No. 27.

Plaintiffs Quincy Blakely and Kimberly Johnson filed a response, *see* Dkt. No

28, and Defendants filed a reply, *see* Dkt. No. 29.

After the undersigned entered the Findings, Conclusions, and

Recommendation ("FCR") on the Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second

Amended Complaint on August 8, 2023, *see* Dkt. No. 30, Blakely and Johnson filed a

Motion for Reconsideration on Defendants' Motion to Dismiss Plaintiffs' Second

Amended Complaint, *see* Dkt. No. 31 (the "Motion for Reconsideration").

`    "[R]ecogniz[ing] there may be confusing language in the" FCR, Judge Lindsay referred the Motion for Reconsideration to the undersigned so that the undersigned is "allowed to review and address the issues raised the Motion for Reconsideration," and, at the same time, Judge Lindsay remanded the FCR to the undersigned "for further consideration regarding the Motion to Dismiss (Doc. 26) for amended proposed findings and recommendations for disposition of the motion, if necessary," Dkt. No. 32 at 1-2.

Consistent with this order of referral and remand of the FCR, the undersigned now WITHDRAWS the original FCR [Dkt. No. 30] and enters these Amended Findings, Conclusions, and Recommendation to correct certain inadvertent and typographical errors in the original FCR, which lead Blakely and Johnson to contend, in the second and third points of their Motion for Reconsideration, that they "cannot ascertain the Court's Findings, Conclusions and Recommendations on some issues, as they appear to be in conflict." Dkt. No. 31 at 4.

But, insofar as Blakely and Johnson assert in the first point of their Motion for Reconsideration that they "have repeatedly alleged an employment relationship between Plaintiffs and all Defendants, including but not limited to the companies and the individuals who had personal involvement in Plaintiffs' employment, including but not limited to payroll matters," and "have plead sufficient facts to establish all their claims to make out their prima facie cases for all claims alleged," *id.* at 3, the

-2-

undersigned disagrees for the reasons and to the extent explained in the FCR and again below.

For the reasons explained below, the Court should grant the Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 26] and deny the Motion for Reconsideration on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 31] on the merits as to the Motion for Reconsideration's first point and as moot as to its second and third points.

## Background

In their Second Amended Complaint, both Blakely and Johnson assert Fair Labor Standards Act ("FLSA") overtime claims and Blakely asserts an FLSA retaliation claim. Blakely also asserts claims for violations of the Family Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and Texas Commission on Human Rights Act ("TCHRA"). Blakely and Johnson refer to exhibits throughout their complaint, but no exhibits are attached to the Second Amended Complaint.

Blakely and Johnson allege that they were employed as customer service representatives by all four Defendants, collectively. Defendant Zhou is the Chief Financial Officer of Tao Motors, GoLabs, and d/b/a/ GoTrax. Defendant Quiong Li is Tao Motors's General Manager, President, and Director.

Blakely's FMLA, ADA, and TCHRA claims arise from Blakely overhearing a conversation about a former disgruntled employee's death threats against

-3-

management and employees. Hearing this triggered him to have a panic attack. After that, he was unable to work at the office due to his previously diagnosed serious medical conditions of anxiety and depression. He sought an accommodation to work from home, which was denied.

Instead, he was granted time off until the date a doctor's note said he could return to work. He didn't return to work on that date and was terminated.

Blakely alleges that he was terminated in retaliation for seeking unpaid overtime compensation under the FLSA and for seeking an accommodation under the FMLA, ADA, and TCHRA.

Blakely and Johnson have amended their Complaint twice, and Defendants have filed three Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

Blakely and Johnson amended their Complaint after Defendants filed their first Rule 12(b)(6) motion to dismiss [Dkt. No. 6], which rendered the motion moot. *See* Dkt. Nos. 7 & 20.

The Court granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint [Dkt. No. 14] and dismissed without prejudice Blakely's and Johnson's claims against all Defendants, except for Blakely's ADA and TCHRA claims against Li and Zhou, which the Court dismissed with prejudice. *See* Dkt. No. 23 at 20-22; Dkt. No. 24.

In their pending motion to dismiss [Dkt. No. 26], Defendants once again contend that Blakely and Johnson have failed to state a claim on which relief can be

granted and seek dismissal of all claims asserted against them in Plaintiffs' Second Amended Complaint [Dkt. No. 25].

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (cleaned up)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6)

context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## Analysis

I.   The Court should dismiss all of Blakely's and Johnson's claims with prejudice because they do not sufficiently allege an employment relationship under the <u>FLSA, FMLA, ADA, or TCHRA.</u>

An employer-employee relationship is an element of each of Blakely's and Johnson's claims. Defendants argue that Blakely and Johnson fail to allege sufficient facts to show an employer relationship under the FLSA, FMLA, ADA, or TCHRA and that, for that reason alone, the Court should dismiss all of their claims. The undersigned agrees.

   A.   Blakely and Johnson fail to plausibly allege an employer-employee <u>relationship under the FLSA and FMLA.</u>

The FLSA and FMLA define "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (FLSA); 29 U.S.C. § 2611(4)(A)(ii) (FMLA); *see also Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (holding that term "employer" should be interpreted the same under both statutes).

"An employee may have multiple employers under the FLSA, in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA].'" *Fernandez v. JaniKing Int'l, Inc.,* No. CV H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. Jan. 8, 2018) (quoting 29 C.F.R. § 7912(a)). "But, it is not enough to allege, in a conclusory or collective manner, that several defendants are a plaintiff's 'employer' for FLSA purposes. Instead, '[w]here a complaint seeks to hold more than one employer liable under the FLSA, some facts at

least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA.'" *Id.* (quoting *Kaminski v. BMW Sugar Land Partners,* Civil Action No. H10-551, 2010 WL 4817057 *2 (S.D. Tex. Nov. 19, 2010)).

The United States Court of Appeals for the Fifth Circuit uses the "economic realities" test to determine who is an employer under the FLSA and FMLA. *See Gray v. Powers*, 673 F.3d 354-55 (5th Cir. 2012) (FLSA); *Barnett v. Eckel Mfr. Co., Inc.*, No. 7:16-cv-11-FM-LS, 2017 WL 11037927, at *1 (W.D. Tex. Jan. 9, 2017) (FMLA).

To determine whether an individual or entity is an "employer," a court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray*, 673 F.3d at 355.

The Court must apply the economic realities test to each individual or entity alleged to be an employer. *See id.* at 355. But all four of the factors need not be present in each case to find an employee-employer relationship. *See id.* at 357. Rather, the Court must consider the totality of the circumstances and the economic reality of the overall relationship. *See Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973) ("Whether appellant is an employer of the harvest workers does not depend on technical or isolated factors but rather on the circumstances of the whole activity; it depends not on the form of the relationship but on the economic

reality.") (cleaned up).

Blakely and Johnson allege that the individual defendants – Quiong Li and Longham Zhao – are their employers. Quiong Li is the General Manager of Tao Motors and General Manager, President and Director of GoLabs, Inc. Longham Zhao is the Chief Financial Officer of Tao Motors, President and Director of GoLabs, Inc., and Chief Financial Officer of GoTrax. Blakely and Johnson sue them in both their corporate capacities and individually.

"'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *see also Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 284 (5th Cir. 2016). An individual's status as an officer or shareholder alone will not subject them to FLSA liability absent some showing "where operational control coincides with one's position as a shareholder, officer, or owner." *Gray*, 673 F.3d at 355-56 (declining to infer authority to hire and fire based on an argument that a member or officer has inherent power to fire employees).

Blakely and Johnson allege that Defendants Quiong Li and Longman Zhao share common ownership and management of GoLabs and Tao Motors. Many of Blakely's and Johnson's allegations about Li and Zhao are made against them collectively.

Blakely and Johnson make conclusory allegations concerning Li and Zhou based on their inherent authority as corporate officers or shareholders of GoLabs and Tao Motors, stating that Li and Zhou, collectively, possessed the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records, as required to show an employer-employee relationship under the FLSA. *See* Dkt. No. 25 at 7-8 ¶46. But providing boilerplate recitation of the elements of the economic reality test is not enough. *See Harris v. Ideal Disc. Mkt.*, No. 13-4914, 2014 WL 2533406, at *4 (E.D. La. June 4, 2014).

Blakely alleges that both Zhao and Li fired him in their official capacities: "Zhao as CFO of both Tao and GoLabs fired Blakely along with Li as officers of both Tao and GoLabs." Dkt. No. 25 at 13 ¶87; *see also id*. at 12 ¶79. "Zhao and Li were a corporate executive of both Tao and GoLabs and terminated Blakely. Their power to hire/fire is therefore implied by the fact that he did terminate Blakely." *Id*. at 15 ¶92. "Defendants…retaliated against Plaintiff" and "Defendant terminated him…" *Id*. at 25 ¶171. Blakely fails to allege facts showing anything other than that Li and Zhao, as corporate officers of GoLabs and Tao Motors, had an inherent power to hire and fire. He makes conclusory allegations that they both fired him. But also alleges "he" and "Defendant" fired him and there are no allegations identifying who "he" or "Defendant" was.

Blakely and Johnson allege that Li and Zhao "were involved in setting the work

-11-

schedule, supervising and salaries and deductions and benefits" and "Plaintiffs were directly controlled by Zhao who was the corporate CFO of both GoLabs and Tao and their day to day operations and requests needed the approval of both Zhao and Li who both served as officers and corporate representatives of both GoLabs and Tao." *Id.* at 12 ¶78. "As the Director and President for GoLabs and the General Manager of Tao Motor, Li had control over Blakely's supervision and operational control as the title of General Manager itself implies the highest level of direct operational control of an entity…" *Id.* at 13 ¶84. Zhao and Li "supervised and controlled employee work schedules and conditions of employment as nearly the head of the company" and "were the ultimate people who determined payrates and salaries and maintained employment records." *Id.* at 15 ¶92; *see also id.* at 7-8 ¶46, 13 ¶¶83, 85 (alleging Zhao and Li maintained or facilitated the maintenance of employment records). "In most, if not all, companies the CFO is the ultimate person in the company responsible for employee salaries." *Id.* at 5 ¶29. Again, Blakely and Johnson make conclusory allegations based solely on Li and Zhao's inherent authority as corporate offices.

Blakely alleges that he sent requests for leave under the FMLA to Deneis Matos, the director of customer experience, Zhao, and Terry through email or by phone. *See id.* at 10 ¶69, at 13 ¶¶80, 81. Blakely alleges that Terry and Li are the same person. *See id.* at 10 ¶¶69, 70. Blakely alleges that, in response to one of those emails, Matos replied "I will ask Longman." *See id.* at 16 ¶94. Blakely alleges that these emails show "that Zhao was directly involved as CFO of both GoLabs and Tao

with Blakely's disability claim and FMLA claim and retaliation through termination." *Id.*

Blakely alleges that, in response to his request for a work-from-home accommodation, Zhao asked him to provide a doctor's note. *See id.* at 5 ¶29. Blakely also alleges that Zhao sent him emails stating "per the company's policy, remote work is only allowed when the CEO and CFO approves it. If you don't think the company is a good fit for you, you could let me know" and, "[p]er the company's policy, staff should work at the designated workplace and we don't allow staff to work remotely without both mine and Terry's approval." *See id.* at 16 ¶¶95-96; *see also id.* at 5 ¶29 .

Blakely and Johnson also allege that Zhao, as CFO of GoLabs, sent two company-wide emails about an adjustment to the pay period for the Thanksgiving holiday. *See id.* at 14-15 ¶¶90, 91.

Blakely alleges that Li as "the President and Director of Golabs/Tao…was directly involved in the entire process of ADA accommodation, FMLA approval, ADA interactive process, and the FLSA overtime failure to pay and retaliation as all conversations were taking place at the same time and he was cc'd on most emails addressing such issues." *Id.* at 15 ¶93.

Johnson alleges she sent an email asking about her hours worked to Matos, who replied that she would ask "them." *See id.* at 14 ¶89. Johnson alleges "them" refers to Li and Zhao. *See id.* There are no allegations that Zhao or Li directed, supervised or controlled work conditions of any employees other than Blakely, so Johnson fails to

allege that Zhao or Li was her employer under the FLSA.

In their Second Amended Complaint, instead of providing additional facts concerning their employment relationship with Li and Zhou, Blakely and Johnson make matters worse by making allegations against Li and Zhao collectively. By lumping Li and Zhao together, Blakely and Johnson have blurred rather than bolstered their allegations that either Li or Zhao was their employer. Because Blakely and Johnson fail to adequately distinguish between Li and Zhao, there are insufficient allegations for the Court to apply the economic reality test.

Blakely and Johnson also allege that GoLabs and Tao Motors are their employers and in their Second Amended Complaint make allegations against them collectively. Blakely and Johnson allege that they both worked for GoLabs and Tao Motors by handling customer service and sales calls for both companies. *See* Dkt. No. 25 at 3 ¶13, at 6 ¶37.

Blakely and Johnson allege that GoLabs and Tao Motors operated as one company under the d/b/a GoTrax. *See id*. at 3 ¶14, at 5 ¶29. They allege GoLabs and Tao Motors share common management under Li and Zhao as corporate officers of both companies. *See id*. at 8 ¶¶48, 52. They allege GoLabs and Tao Motors also shared the same physical address and office space, operated their business out of the same location, and were involved in the sale, manufacturing, and servicing of electric scooters and other similar motorized products. *See id*. at 5 ¶30.

Blakely and Johnson allege that they worked for both Tao and GoLabs in their

-14-

daily activities and operations as they sold Tao scooters that were also labeled as Golab scooters that were further branded Gotrax under a d/b/a/ for Golabs." *Id*. at 11 ¶75.

Blakely and Johnson allege that "all Defendants" had the right to hire and fire employees and were involved in control of their daily functions. *See id*. at 12 ¶77. They allege that "all Defendants" were involved in setting the work schedules, supervising, and determining the salaries, deductions, and benefits of all employees. *See id*. at 12 ¶78.

Blakely alleges that Tao Motors had the right to control him and his work because the determinations of his ability to work from home and his termination "were all directly the decisions of both Zhao and Li who both served as officers of Golabs and Tao Motors" while Blakely was working for both companies in the same business of manufacturing and selling scooters out of the same location. *See id*. at ¶79.

Again, there are no entity-specific allegations by which the Court can apply the economic reality test to GoLabs and Tao Motors because all allegations against them are made in the collective and based on Li and Zhao's inherent authority as owners and officers of both companies.

Blakely and Johnson fail to state a plausible allegation that GoLabs and Tao Motors are their employers under the FLSA or the FMLA.

  B.  Blakely fails to plausibly allege an employer-employee relationship <u>under the ADA and TCHRA.</u>

The United States Court of Appeals for the Fifth Circuit has adopted the "hybrid

economic realities/common law control test" to determine the existence of an employment relationship for purposes of the ADA. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015). "The right to control an employee's conduct is the most important component of this test." *Id.* (quoting *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 119 (5th Cir. 1993)). In examining the "control" component, the court considers "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* (quoting *Deal*, 5 F.3d at 119). The economic realities component "focuse[s] on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (quoting *Deal*, 5 F.3d at 119).

Blakely's allegations that Defendants are his employers under the ADA and TCHRA are made against "Defendants" collectively.

Since they are not entity-specific, the Court cannot apply the hybrid economic realities/common law control test and, as a result, Blakely fails to plausibly allege that Defendants are his employer.

 C. The Court should dismiss all of Blakely's and Johnson's claims with <u>prejudice.</u>

All of Blakely's and Johnson's claims should be dismissed because they fail to adequately plead that Defendants are their employers. And, since this is Blakely's and Johnson's third attempt to do so, the Court should dismiss all of Blakely's and Johnson's claims with prejudice.

II.    Only in the alternative, the Court should dismiss all of Blakely's and Johnson's claims with prejudice – except for Blakely's FLSA retaliation claim – based on <u>Defendants' other arguments.</u>

But the undersigned will also address below Defendants' other arguments for dismissal only in the alternative because – if the Court disagrees with the undersigned's primary recommendation above and determines that Blakely and Johnson have alleged sufficient facts to show an employment relationship as required for their claims under the FLSA, FMLA, ADA, or TCHRA – the Court will need to reach these arguments as to Blakely's and Johnson's claims.

A.    Blakely and Johnson fail to plead FLSA overtime claims, but Blakely <u>alleges a plausible claim of retaliation under the FLSA.</u>

1.    <u>Blakely and Johnson fail to adequately plead FLSA overtime claims.</u>

To state a claim for unpaid overtime under 29 U.S.C. § 207(a)(1), a plaintiff must plausibly allege: "(1) that an employer-employee relationship existed during the time that he worked in excess of forty hours per week; (2) that the employee engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Gill v. Bennett*, No. 4:17-cv-611-O-BP, 2018 WL 1663287, at *3 (N.D. Tex. Apr. 6, 2018) (same in Rule 12(b)(6) context).

Defendants contend that Blakely and Johnson did not plead sufficient facts concerning the fourth element – the amount of compensation due – because they fail to allege any facts concerning their regular rate of pay, without which the amount of

overtime compensation due cannot be determined.

In response, Blakely and Johnson impliedly assert that the amount of overtime compensation due is not an element of a FLSA claim. Instead, Blakely and Johnson contend "[t]he basic elements of an FLSA claim are that (1) plaintiffs must be employed by the defendant; (2) the work involved interstate activity; and, most importantly for present purposes, (3) plaintiffs 'performed work for which they were under-compensated.'" Dkt. No. 28 at 8 (quoting *Manning v. Boston Med. Ctr Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012)); *see also Mateo v. TA HSIN, INC.,* No. 7:19-CV-419, 2021 WL 3931915, at *4 (S.D. Tex. Feb. 10, 2021) (analyzing different levels of specificity required to plead a FLSA claim in different circuits, such as whether plaintiffs must allege specific factual details or whether it is sufficient to allege the employee worked more than forty hours in a week and did not receive overtime compensation).

Although the United States Court of Appeals for the Fifth Circuit has not directly addressed the specific question of the level of specificity required to plead FLSA overtime violations, district courts in the Fifth Circuit consistently require plaintiffs to do more than paraphrase 29 U.S.C. § 207(a)(1), as the more lenient standard cited by Blakely and Johnson seems to allow. Instead, district courts in this circuit require plaintiffs to allege at least some detail to plead an overtime violation. And, because district courts in the Fifth Circuit must follow *Johnson*, which states the elements of a FLSA overtime claim, plaintiffs must plead some factual details to allege

the amount of overtime compensation due.

Thus, "[t]o state a claim for overtime, plaintiffs are required 'to provide some factual context that will nudge their claim from conceivable to plausible. This can be done by estimating the length of an average workweek during the applicable period and the average rate at which plaintiff was paid, the amount of overtime wages allegedly owed, or any facts that will permit the court to find plausibility.'" *Mateo,* 2021 WL 3931915, at \*5 (citing *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *see also Ruiz v. Masse Contracting, Inc.,* Civil Action NO. 18-5721, 2019 WL 2451628, at \*7 (E.D. La. June 12, 2019) ("A plaintiff adequately pleads the amount of overtime compensation due by alleging the date ranges of employment, the approximate number of hours worked, and the regular rate of pay.").

"The employee's 'regular rate' of pay is thus the 'keystone' of section 7(a)," because the amount of overtime wages depends on the employee's "regular rate." *Ruiz,* 2019 WL 2451628, at \*6 (quoting *Urnikis-Negro v. Am. Family Prop. Servs.,* 616 F.3d 665, 673 (7th Cir. 2010)).

Here, after amending their complaint twice, neither Plaintiff makes any allegations about his or her regular rate of pay or otherwise alleges the amount of overtime compensation due. Both Blakely and Johnson allege that they performed services for Defendants for which no provisions were made by Defendants to properly pay them overtime when they worked more than forty hours in a workweek and that Defendants failed to keep proper records of their time worked. Accepting those

allegations as true, if proven, Blakely and Johnson may establish the number of overtime hours worked but not the regular rate of pay.

Both Blakely and Johnson also allege that Defendants began paying them for overtime hours worked in compliance with the FLSA but suddenly stopped doing so.

Blakely alleges that he worked for Defendants as a customer service representative from approximately November 20, 2018, to February 17, 2020. He also alleges the specific weeks he worked more than forty hours and how many overtime hours he worked in each of those weeks. But he makes no allegations concerning his regular rate of pay or the amount of overtime compensation that is due to him.

Johnson alleges that she was hired by Defendants in the summer of 2019 as a part-time customer representative scheduled to work approximately sixteen hours per week. She "recalls" working more than forty hours per week for at least five weeks and "to the best of her recollection" worked approximately 35 hours of overtime for which she was not paid. She does not allege her regular rate of pay or the amount of overtime compensation that is due to her.

Because Johnson's overtime compensation claim is vague and conclusory, and because it has remained so after being amended twice, the undersigned concludes that Johnson has stated her best case and that her FLSA overtime compensation claim should be dismissed with prejudice.

Blakely provides more details, but, instead of providing the required information concerning his rate of pay or amount of overtime compensation due, he

urges the Court to apply a less demanding legal standard. And so Blakely's FLSA overtime claim should also be dismissed with prejudice, having been amended twice already.

      2. Blakely and Johnson either did not raise or abandoned gap-time <u>claims.</u>

Defendants also assert that Blakely's and Johnson's claims for overtime wages should be dismissed to the extent that they are gap-time claims.

Although the Fifth Circuit has not directly defined or addressed "gap time" claims, district courts within the circuit have defined "gap time" as "time that is not covered by the overtime provisions because it does not exceed the overtime limit, and ... time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked." *Banks v. First Student Mgmt, LLC*, 237 F. Supp. 3d 397, 402 (E.D. La. 2017) (citing cases).

Blakely and Johnson do not respond to this argument.

"The Fifth Circuit has noted that a plaintiff's failure to defend her claims beyond her complaint constitutes abandonment of those claims." *See Heisler v. Kean Miller, LLP,* CIVIL ACTION No. 21-724, 2021 WL 3852261, at *2 (E.D. La. Aug. 27, 2021) (citing *Black v. N. Panola Sch. Dist.*, 212 F.3d 584, 588 n.1 (5th Cir. 2021)).

Blakely and Johnson either did not assert gap-time claims in their Second Amended Complaint, or, if they did, they have since abandoned them, which means any such claim is either not in the case or should be dismissed with prejudice.

3. <u>Blakely adequately alleges a claim for FLSA retaliation.</u>

Under the anti-retaliation provision of the FLSA, it is unlawful for an employer covered by the FLSA "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

To properly assert an FLSA retaliation claim, Blakely must make a "prima facie showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Starnes v. Wallace*, 849 F.3d 627, 631-32 (5th Cir. 2017) (citing *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008)).

Defendants argue that Blakely failed to allege that he participated in protected activity.

To engage in protected activity, a plaintiff must make a "complaint." *Hagan*, 529 F.3d at 626.

For an employee's communication to constitute a complaint, the "employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation" and the "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Id.*

-22-

In the Second Amended Complaint, Blakely alleges that he made a demand for unpaid overtime compensation in an email to both Li and Zhou in which he outlined the weeks he worked more than forty hours and the number of overtime hours worked in each of those weeks and he was terminated two hours later in retaliation for making the demand. *See* Dkt. No. 25 at 22-24.

For purposes of resolving a motion to dismiss under Rule 12(b)(6), Blakely's allegations are sufficient – other than, as explained above, to plead that Defendants are his employers.

If the Court disagrees with that primary recommendation above and concludes that Blakely has adequately plead that Defendants are his employers, then Blakely's FLSA retaliation claim adequately asserts that he engaged in protected activity by making a complaint to Li and Zhou about unpaid overtime and that he was terminated for doing so and should survive dismissal.

B.    Blakely fails to state plausible FMLA interference and retaliation claims.

1.    Blakely fails to adequately plead a FMLA interference claim.

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" a substantive FMLA right or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter." 29 U.S.C. § 2615(a)(1) & (2).

"To establish a prima facie case of interference under FMLA, a plaintiff must show: (1) he was an eligible employee; (2) his employer was subject to the FMLA's

-23-

requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave, and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (citing *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013)).

An eligible employee is allowed to take up to twelve weeks of leave for "a serious health condition that makes the employee unable to perform" his duties. 29 U.S.C. § 2612(a)(1)(A).

Defendants contend that Blakely fails to state a claim for FMLA interference because he fails to sufficiently allege that he was entitled to FMLA leave, that he gave proper notice of his intention to take FMLA leave, and that his employer denied him the benefits to which he was entitled under the FMLA.

>    a. Blakely fails to sufficiently allege he had a serious health
>    <u>condition.</u>

In the Second Amended Complaint, Blakely alleges that he had serious health conditions – anxiety and depression – that were only controlled by medication and could be debilitating under certain circumstances. If uncontrolled or triggered, his anxiety and depression could result in an inability to concentrate or control emotions, dangerously high blood pressure, fainting, loss of bowel control, loss of consciousness, incontinence, and even death. *See* Dkt. No. 25 at 9 ¶54, 10 ¶60, 24 ¶164, 25 ¶165.

Blakely alleges that he suffered anxiety attacks after he became aware of the death threats. *See id.* at 11 ¶71. He first requested an accommodation to work from home because being in the office triggered his anxiety and depression. *See id.* at 11

¶72. He also provided Defendants with a doctor's note stating that Blakely needed time off to enable him to seek different or new or higher dose medication. *See id*. After the work-from-home request was denied, and since being in the office triggered his anxiety and depression, Blakely requested time off, and that request was granted "in part for around a month and then summarily terminated." *See id*. at 25 ¶165.

The FMLA only provides an entitlement to take leave, not to work from home. *See* 29 U.S.C. § 2612(a)(1)(A); *Bennett v. Girl Scouts of Northeast Texas*, No. 4:09cv443, 2010 WL 723794, at *3 (E.D. Tex. Feb. 25, 2010). Blakely admits that his anxiety and depression only prevented him from working from Defendants' office and that he was capable of working from home. *See* Dkt. No. 25 at 9 ¶57 ("Blakely was capable of performing his duties at home but not at the office at the time.").

These allegations are insufficient to allow the Court to draw a reasonable inference that Blakely's anxiety and depression were serious health conditions that rendered him unable to perform his job functions.

> b.  <u>Blakely fails to sufficiently allege that he gave proper notice.</u>

As a general rule, in cases involving foreseeable absences, the FMLA requires an employee to provide the employer with at least 30 days of advance notice. *See* 29 C.F.R. § 825.302(a); *Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007). For unforeseeable absences, "an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. 825.303(a); *see also Greenwell*, 486 F.3d at 842.

Employees need not "expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means." 29 C.F.R. § 825.303(b)). "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir. 1998) (cleaned up).

Blakely alleges no facts to allow the Court to draw a reasonable inference that he provided sufficient information to reasonably apprise Defendants of his employee's request to take time off for a serious health condition. For example, he alleges no facts to at least support an inference that he actually requested leave, when he requested leave, or from whom he requested leave. He alleges no facts showing that he gave proper notice of an intention to take FMLA leave or that Defendants were aware of any serious medical condition that rendered him unable to work.

Blakely's FMLA interference claim should be dismissed with prejudice, having been amended twice before.

> 2. Blakely fails to sufficiently plead a FMLA retaliation claim.

Blakely alleges that Defendants unlawfully terminated him in retaliation for seeking leave under the FMLA. *See* Dkt. No. 25 at 25 ¶171.

To establish a prima facie case for retaliation under the FMLA, the plaintiff must show that (1) he was protected under the FMLA, (2) he suffered a materially

adverse action, and (3) there is a causal link between protected activity under the FMLA and the adverse action. *See Wheat v. Florida Parish Juv. Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (elements of prima facie case of retaliation under both Title VII and the FMLA).

As discussed above, Blakely fails to allege sufficient facts to show that he was protected under the FMLA or suffered a materially adverse action because he fails to allege sufficient facts to show that he had a serious health condition – that is, one that rendered him unable to work – or that he requested or gave notice of his intent to take FMLA leave.

Blakely's FMLA retaliation claim should be dismissed with prejudice, having been amended twice before.

C.    Blakely fails to state plausible claims under the ADA and TCHRA.

1.    Blakeley's discrimination claims against Zhou and Li were dismissed.

Blakely's ADA and TCHRA allegations are made against "Defendants" without mention of any defendant by name. *See* Dkt. No. 25 at 26-27.

And, although Blakely's ADA and TCHRA claims against the individual defendants Zhou and Li have been dismissed with prejudice, *see* Dkt. Nos. 23, 24, Zhou and Li are included in the word "Defendants" as defined in the Second Amended Complaint, *see* Dkt. No. 25 at 2.

In his response, Blakely acknowledges that the ADA and TCHRA claims against the individual defendants have been dismissed with prejudice, *see* Dkt. No. 28

at 6, stating that it was an oversight to include them in the Second Amended Complaint. *See* Dkt. No. 28 at 15. Blakely asks for leave to file another amended complaint, if necessary, to correct the inclusion of Zhou and Li in the ADA and TCHRA claims.

The undersigned will not further consider these claims that were already dismissed with prejudice and on which Blakely acknowledges that he cannot proceed, and the undersigned does not believe an amendment is necessary or appropriate, where Blakeley has already twice amended his complaint.

2. Blakeley's TCHRA claim should be dismissed with prejudice.

Blakely lumps his TCHRA in with his ADA claim, but he fails to allege facts to support a finding that he has stated a claim under the TCHRA.

Blakely makes conclusory statements such as "Defendants violated the ADA/TCHRA by discriminating against him based on his disability in regards to termination and failure to accommodate," *see* Dkt. No. 25 at 26 ¶177 (cleaned up). But Blakely's only allegations in support of his TCHRA claim is that he was Defendants' employee and Defendants are covered entities and employers under as defined by the TCHRA. *See id.* at 2 ¶7, 3 ¶12, 5 ¶26, 14-15 ¶91, 26 ¶175.

And these allegations are made concerning all defendants and all claims, collectively, or referring the "ADA/TCHRA" claims.

Blakely fails to allege any facts specifically tied to his TCHRA claim or to explain how his ADA allegations also constitute violations of the TCHRA.

-28-

Blakeley's TCHRA claim should be dismissed with prejudice, having been amended twice before.

> 3.  <u>Blakeley's ADA disability claim should be dismissed with prejudice.</u>

Blakely asserts a claim for disability discrimination under the ADA based on the denial of his request for a work-from-home accommodation and subsequent termination.

GoLabs and Tao Motors move to dismiss the ADA and TCHRA claims on the ground that Blakely has not plausibly alleged that he was disabled.

To prevail on an ADA failure-to-accommodate claim, an employee must allege that: (1) he is a "qualified individual with a disability"; (2) "the disability and its consequential limitations were 'known' by the covered employer"; and (3) "the employer failed to make 'reasonable accommodations' for such known limitations." *Credeur v. La. Through Office of Atty. Gen.*, 860 F.3d 785, 792 (5th Cir. 2017) (quoting *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013)).

The ADA defines "disability" as a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. *See* 42 U.S.C § 12102(1).

"Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id*. at § 12102(2)(A).

The only major life activity that Blakely alleges that he was substantially limited from is working. As to that major life activity, the term "substantially limits" means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. *See Jerina v. Richard*, 960 F. Supp. 106, 108 (N.D. Tex. 1997) (citing 29 C.F.R. 1630.2(j)).

An inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *See id.* at 109.

In the Second Amended Complaint, Blakely alleges that he was disabled by anxiety and depression but fails to allege how his disability substantially limits his ability to perform either a class of jobs or a broad range of jobs in various classes.

Instead, he alleges that his disability substantially limited his ability to temporarily perform his job from the office until his doctor prescribed different or new medication. *See* Dkt. No. 25 at 9 ¶57, 11 ¶72. He also alleges that he provided a doctor's note stating that he should be allowed to work from home until February 17, 2020.

Accepting Blakely's pleaded facts as true and viewing them in the light most favorable to him, Blakely fails to sufficiently allege that he has a disability that would entitle him to an accommodation under the ADA.

Blakely's ADA disability claim should be dismissed with prejudice, having already been amended twice before.

## Recommendation

For the reasons explained above, the Court should grant Defendants' FRCP 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 16], deny the Motion for Reconsideration on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint [Dkt. No. 31] on the merits as to its first point and as moot as to its second and third points, and dismiss all of Blakely's and Johnson's claims with prejudice. Even accepting as true the facts that Blakely and Johnson allege in the Second Amended Complaint, Blakely and Johnson fail to allege sufficient facts to show a plausible employee-employer relationship under the FLSA, FMLA, ADA, and TCHRA with any of the Defendants. Johnson's FLSA overtime claim and all of Blakely's claims under the FLSA, FMLA, ADA, and TCHRA should be dismissed with prejudice on this ground because this is Blakely's and Johnson's third attempt to allege an employment relationship and it appears they have stated their best case.

But, if the Court determines that Blakely and Johnson have alleged sufficient facts to show an employment relationship as to any of their claims, the Court should still, in the alternative, dismiss Johnson's FLSA overtime claim with prejudice – and, since this is her only claim, dismiss Johnson as a party – and dismiss with prejudice, based on the chances that Blakely has already been afforded to state his best case, all of Blakely's claims except for his FLSA retaliation claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE