IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **QUINCY BLAKLEY and KIMBERLY JOHNSON,** | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. **3:21-CV-2422-L** |
| **GOLABS, INC., TAO MOTORS, § INC., LONGMAN ZHAO, and § QUIONG LI**, | § § § § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' GoLabs, Inc., Tao Motors, Inc., Longman Zhao, and Quiong Li's (collectivey, "Defendants") Motion to Dismiss Plaintiffs Quincy Blakley ("Blakley") and Kimberly Johnson's ("Johnson") (collectively, "Plaintiffs") Second Amended Complaint (Doc. 26) ("Motion"), filed September 20, 2022. On September 21, the court referred the Motion to the United States Magistrate Judge for findings and recommendation. Order Reference 1 (Doc. 27). The Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 30) was entered on August 8, 2023. On August 14, Plaintiffs filed a Motion for Reconsideration of the Findings and Recommendations of the Magistrate Judge (Doc. 31). In response, the court referred the Motion for Reconsideration to the Magistrate Judge and remanded the Report "for further consideration regarding the [Motion] (Doc. 26) [and] for amended proposed findings and recommendations for disposition of the motion, if necessary" Order (citing Fed. R. Civ. P. 72(b)(3)) (Doc. 32). The Magistrate Judge, on August 17, withdrew his Report and entered an Amended Findings, Conclusions, and Recommendation of the United States Magistrate Judge

**Order – Page 1**

("Amended Report") (Doc. 33).* On August 21, Plaintiffs filed Objections to the Report and Amended Report (the "Objections") (Doc. 35).

In their Second Amended Complaint, Plaintiffs allege that they were employed as customer service representatives by Defendants. Am. Report 3. Plaintiffs assert Defendants violated the Fair Labor Standards Act ("FLSA") because they failed to pay Plaintiffs' "significant overtime hours." *See* Sec. Am. Compl. ¶¶ 58-59. Blakley also individually asserts that Defendants violated the FLSA (retaliation), Family Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and Texas Commission on Human Rights Act ("TCHRA"). *See id.* ¶¶ 64-82. Blakley's individual claims arise from Defendants' alleged failure to permit Blakley to work from home and provide him with FMLA paperwork after he suffered a panic attack due to overhearing a conversation about a threatening e-mail from a former employee. *Id.*

In his Amended Report, the Magistrate Judge recommends that the court grant the Defendants' Motion to Dismiss and dismiss Plaintiffs' claims with prejudice because "they do not sufficiently allege an employment relationship under the FLSA, FMLA, ADA, or TCHRA." Am. Report. 8. Alternatively, the Magistrate Judge recommends that the court should dismiss all of Plaintiffs' claims with prejudice—except Blakley's FLSA retaliation claim—because they fail to plead "enough facts to state a claim to relief that is plausible on its face" *See id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs object to the Amended Report, asserting that they "have sufficiently plead[ed] their case." Objections 8. As to the Magistrate Judge's findings regarding the employer-employee relationship, Plaintiffs' assert that they have "alleged substantially more than threadbare facts to

---

* As stated, the Magistrate Judge withdrew his Report and issued an Amended Report; therefore, Plaintiffs' Motion for Reconsideration (Doc. 31) is **denied as moot**.

**Order – Page 2**

establish that Defendants are employers, and that an employment relationship exists for all times relevant to this case." *Id.* at 11.

In *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961), the Supreme Court set out the "economic reality test" to evaluate whether an employer-employee relationship exist for FLSA and FMLA claims. *See Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012) ("The test originates in the Supreme Court's holding [in *Goldberg*] that "economic reality" should govern the determination of employer status."). Under the economic reality test, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). For ADA and TCHRA claims, the Fifth Circuit applies a "hybrid economic realities/common law control test." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015). "The right to control an employee's conduct is the most important component of this test." *Id.* (quoting *Deal v. State Farm Cnty. Mut. Ins.*, 5 F.3d 117, 119 (5th Cir. 1993)). For all four claims and in cases where there may be more than one employer, this court "must apply the [tests] to each individual or entity alleged to be an employer." *See Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990) (FLSA and FMLA claims); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222 (5th Cir. 2015) (ADA and TCHRA claims).

As the Amended Report correctly identifies, Plaintiffs only makes allegations against Defendants collectively, instead of alleging facts relating to their individual capacities as their employer. Am. Report 14. The court is unable to apply the economic reality test or hybrid economic realities/common law control test because Plaintiffs fail to adequately plead facts or distinguish Defendants individual roles as their employers. In addition, Plaintiffs' Objections—on

**Order – Page 3**

par with their Second Amended Complaint—merely state legal conclusions and recite the elements of the economic realities test. *Compare* Sec. Am. Compl. *and* Objs. Therefore, Plaintiffs fail to allege sufficient facts to allege plausibly that an employer-employee relationship exists under the FLSA, FMLA, ADA, or TCHRA. Accordingly, this objection is **overruled.**

As to the remainder of Plaintiffs' objections, the court is not required to consider them to reach its determination because Plaintiffs' failure to establish an employer-employee relationship is fatal for all of Plaintiffs' claims. *See* Am. Report 8 (concluding that Plaintiffs' failure to allege sufficient facts to show an employer relationship under the FLSA, FMLA, ADA, and TCHRA is reason alone to dismiss their claims). Nevertheless, Plaintiffs' makes no assertion or objection that the Magistrate Judge made an error of law in his recommendation to deny their claims in the alternative. Plaintiffs' claims, therefore, fail for the reasons stated in the Amended Report. Accordingly, their objections are **overruled**.

Having considered the Motion, Amended Report, file, and record, and Plaintiffs' filings, and having made a *de novo* review of any portion of the Amended Report to which Plaintiffs object, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the

**Order – Page 4**

opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiffs have had ample opportunity to present their factual allegations to the court because they amended their claims twice through the First Amended Complaint and Second Amended Complaint. Defendants have filed three Motions to Dismiss summarizing the deficiencies in each of Plaintiffs' pleadings, deficiencies that Plaintiffs purported to have cured in their amendments. Further, they had the opportunity to object to the Amended Report and provide the court with factual bases for their allegations, which they did. They have failed to present sufficient factual bases for their claims, despite these opportunities to do so, and the court concludes that Plaintiffs have stated their "best case." *See Schiller*, 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiffs an opportunity to amend their pleading. Accordingly, the court **grants** the Defendants' Motion to Dismiss (Doc. 26) and **dismisses with prejudice** Plaintiffs' Second Amended Complaint.

**It is so ordered** this 30th day of September 2023.

*[Signature]*

Sam A. Lindsay
United States District Judge